IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO. 3:19-CR-122-S |
| | ) |
| BERTHA GARAY | ) |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated February 1, 2021 (doc. 38), before the Court is the *Motion to Release Defendant Pending Sentencing*, filed February 1, 2021 (doc. 37). On March 3, 2021, Bertha Garay (Defendant) appeared in person and through counsel for a hearing. Based on the evidence and applicable law, the motion is **DENIED**.

### I.

On March 6, 2019, Defendant was charged by indictment with theft of government funds in violation of 18 U.S.C. § 641, social security representative payee fraud in violation of 42 U.S.C. § 408(a)(5), and false statement to the Social Security Administration in violation of 42 U.S.C. § 408(a)(3). (*See* doc. 1.) She was arrested in another district and was released on conditions of pretrial release by *Order Setting Conditions of Release* on November 4, 2019. (*See* doc. 4.) One of Defendant's conditions of pretrial release was that she not violate any federal, state or local law while on release.

After a violation report advising that she had been arrested for theft of property on October 8, 2020, in Terrell, Texas, Defendant appeared in person and through counsel for a hearing on October 30, 2020, to determine whether her conditions of pretrial release should be revoked. The violation report states that a store security employee witnessed Defendant intentionally skip scanning items as she checked herself out at the self-checkout lane, and that

the items totaled $155.15. At the hearing, Defendant conceded that she had violated her conditions of release. The Court found probable cause to believe that Defendant violated her conditions of pretrial release by committing a Federal, State, or local crime while on release, which invoked the rebuttable presumption in 18 U.S.C. § 3148(b) that no condition or combination of conditions of release would assure that Defendant will not flee or pose a danger to the safety of any other person or the community. It also found that she had not overcome that presumption and revoked her pretrial release. (*See* doc. 32.)

On February 2, 2021, pursuant to a plea agreement, Defendant entered a plea of guilty to the theft of government funds charge, and has now been adjudicated guilty of that offense. (*See* docs. 33, 34, 40, 41, 43.)

Defendant now essentially seeks reconsideration of the order revoking her pretrial release. According to her motion, her employer is holding her job, her absence has caused a major financial and emotional struggle for her, and she believes that continued detention might cause her to serve more time than her ultimate guideline range provides. (*See* doc. 37.) At the hearing, she expressed remorse for her actions, and also proffered that the facility in which she is being detained is still being affected as a result of a winter storm that caused state-wide power outages and water shortages, that her cell has no heat and clean running water, and that other inmates have contracted COVID-19.

## II.

Defendant's motion does not cite any authority in support of her request for reinstatement of her conditions of release, but she appears to seek reconsideration of the order revoking her pretrial release.

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (*citing United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)); *see also United States v. Brewer*, 60 F. 3d 1142, 1143 (5th Cir. 1995) ("a motion for reconsideration ... is a judicial creation not derived from statutes or rules"). Courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases. *United States v. Evans*, No. 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018); *United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *2 (E.D. Tex. Mar. 8, 2018); *United States v. Fisch*, No. H-11-722, 2014 WL 309068, at *1 (S.D. Tex. Jan. 28, 2014); *see also U.S. v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982); *U.S. v. CITGO Petroleum Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012).

In the civil context, a motion for reconsideration that challenges a final civil judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion seeking relief from judgment under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). A motion that challenges an interlocutory order is considered under Rule 54(b). *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities." In deciding motions under Rule 54(b), district courts have looked to Rule 59(e). *See WorkSTEPS, Inc. v. ErgoScience, Inc.*, 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015). It "'serve[s] the narrow purposes of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). This is precisely the standard that courts have used to consider motions for reconsideration in the criminal context. *See United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (finding that motions for reconsideration in criminal cases "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.").

More recently, however, the Fifth Circuit has made clear in the civil context that a "'trial court is free to reconsider and reverse [an interlocutory order or] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere,* 910 F.2d at 173). It has specifically noted the flexibility in Rule 54(b), which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017). Given the Fifth Circuit's finding of district courts' continuing jurisdiction over criminal cases and freedom to reconsider earlier decisions, *Scott*, 524 F.2d at 467, this more flexible standard likewise appears applicable.

Here, Defendant seeks reconsideration of an interlocutory order revoking her pretrial release on grounds that her employer is holding her job, her absence has caused a major financial

4

and emotional struggle for her and her significant other, she believes that continued detention might cause her to serve more time than her ultimate guideline range provides. She also cites the conditions at the facility in which she is being detained. Although her concerns are important, Defendant has not shown that her circumstances differ from the vast majority of the other incarcerated persons in her same position. She has not shown sufficient reason to reconsider the order of revocation, especially in light of the fact that while on pretrial release on a charge for theft of government funds, she was arrested for another offense that also involved an allegation of theft.

### III.

Defendant's motion for reconsideration is **DENIED**.

Signed this 3rd day of March, 2021.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE